Boyers *v.* Webb.

## THOS. BOYERS *v.* JAMES G. WEBB.

CERTIORARI. *Trial de novo. Certiorari* for a new trial brings the case to the Circuit Court for a trial *de novo* on its merits, and the validity or invalidity of the judgment rendered by the justice originally is not the question to be tried, but the original liability. The validity of the judgment is only to be tested by the face of it, and not by proof *aliunde.*

### FROM SUMNER.

Appeal in Error from the Circuit court of Sumner county.    J. C. GUILD, J.

J. J. TURNER for Boyers.

SEAY & HEAD for Webb.

FREEMAN, J., delivered the opinion of the court.

This is a *certiorari* and *supersedeas,* on a petition to the Circuit Court of Sumner county. Whether to treat it as a *certiorari,* a substitute for an appeal, in which case the original case is to be tried on its merits in the Circuit Court, or a *certiorari* to bring up the papers, with *supersedeas,* seeking to have the execution quashed in the nature of an *audita querela,* is a question of some difficulty. We must treat the petition in one or the other aspects; that is, as *certiorari* for a new trial, or as an application to quash the execution. It cannot stand good for both. They are in their nature antagonistic to each other. The first goes on the idea of a case pending or judgment

had, which is erroneous or unjust, and must show merits or grounds for a different judgment, a new trial being sought in order to do this. The second goes on the idea that the execution has been wrongfully issued, that the debt has been paid or discharged since rendition of the judgment, or that no judgment exists, or some other matter affecting its validity. The merits of the original case are not involved in such proceeding. While petitioner has stated matter appropriate to both proceedings, we take it, from careful consideration of the entire matter of the petition, that it must be treated as a *certiorari* in the nature of an appeal for a new trial, which is specifically prayed for, and probably the execution is asked to be quashed as incidental to the new trial sought. This is treating the case according to the prayer of the petitioner, the ground made by himself, of which he cannot complain.

A motion to dismiss the petition was made in the Circuit Court, which we need not notice here, as we do not understand it to be seriously pressed, and no grounds for the motion are specified, as required under our holding in such cases.

As a petition for new trial, the question presented would be simply, not the validity of the judgment before the justice, but whether, on the trial on the merits in the Circuit Court, there was a right to recover and have such a judgment on the testimony then adduced. The judgment of the magistrate in such a case is vacated, and remains so. Even if the petition is dismissed, no *procedendo* issues, since the

Code, to the justice, but the Circuit Court proceeds to render a judgment for the amount of the judgment of the justice against the petitioner and the sureties on his bond.

The *certiorari* has served its office when the case is brought into the Circuit Court and passed the first term without motion to dismiss: History of a Lawsuit, sec. 670.

The practice adopted in this case of submitting the question of the existence of the original judgment, with its validity, to a jury, in the view we have, taken of it, or probably in any view that might be taken, is, to say the least of it, most incongruous if not absurd.

The real question on the new trial sought by the petition was, whether Webb was entitled to a judgment by motion against the defendant, by reason of having been stayor for the firm of Boyers & Son, as claimed by him. We need not go into this question at large, as the case must be reversed for grounds which we proceed to state. On the trial the court (improperly it is true, it being a motion) impaneled a jury, and submitted the issues on the twelve pleas of Boyers to them. They found for Webb, whereupon the court, on their verdict, proceeded to enter up a regular judgment embodying all the facts necessary to create the liability. If he had done this on his own judgment that the proof made out the case, we might go into the facts, and if he was sustained by them, proceed to affirm his judgment. But it is. evident he simply adopted the finding of the jury.

On looking at the testimony submitted to them as competent by the court, we see much that was totally incompetent and irrelevant, and which necessarily influenced if it did not control their verdict.

The counsel of Webb seems to have gone on the idea that he was compelled to supply the original papers, and moved to do so in the Circuit Court, which was allowed. He thereupon drew up a formal judgment by motion, as had, or supposed to have been had, before the magistrate, which, together with various affidavits, were presented as evidence before the jury, and read over the objection of Boyers' counsel. In addition, an affidavit made by Webb before the original justice of the peace is read, in which, after stating the fact of the existence of the judgment, he states that Boyers "had frequently promised affiant that he would pay the same, and that within the last twelve months." In addition to this, a certificate of G. S. Gray, the justice who is claimed to have rendered the judgment by motion, is presented, certifying that the defendant Boyers had come into his office, after the death of his former partner, with Webb, and inspected the judgment recovered by the plaintiff against Boyers & Son, admitted the justice of the same and that it was unpaid, and asked the plaintiff to give him further time to pay the same, and not to issue execution on it.

We need but say, these *ex parte* affidavits were incompetent for any purpose on the trial of the merits of the case. A record can only be supplied in the court, in which the case is pending, to which the

paper belonged, under our statute (see Cases Cited, T. & S.'s Code, note to sec. 3907), and while the case is still pending. The proper practice, where the record of a judgment has been lost, and plaintiff desires an execution thereon, is to apply to the court where the judgment was rendered, and upon satisfactory proof of the rendition of the judgment and the record lost, execution may be awarded. 4 Cold., 397.

As this improper testimony was admitted to go to the jury, and the judgment is certainly based on their verdict, the same must be reversed, and the case re-manded to be retried upon the merits on proper tes-timony as to the liability of Boyers to a judgment by motion in favor of Webb.

Reverse and remand.